UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Datian County Qicai Clothing Shop,<br><br>*Plaintiff*,<br><br>v.<br><br>Goodegg Stuff LLC,<br><br>*Defendant*. | **Case No. 2:25-cv-2743**<br><br>**Complaint for Declaratory Judgment**<br><br>**Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Datian County Qicai Clothing Shop d/b/a DATIANSOFU ("Plaintiff"), against Defendant Goodegg Stuff LLC ("Defendant"), seeking a declaration that Plaintiff's Egg Washer products (the "Accused Product" or "Egg Washer") do not directly or indirectly infringe U.S. Patent No. 12, 089, 567 B1 ("the '567 Patent"), either literally or under the doctrine of equivalents, and/or that the '567 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

-1-

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the '567 Patent.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Defendant's '567 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Datian County Qicai Clothing Shop is an individual industrial and commercial household (sole proprietorship) organized under the laws of the People's Republic of China, with its principal place of business at No. 54 Shancheng Road, Junxi Town, Datian County, Sanming City, Fujian Province 366199, China.

4. Upon information and belief, Defendant Goodegg Stuff LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its registered agent, Northwest Registered Agent Service, Inc., located at 8 The Green, Suite B, Dover, Delaware 19901.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties. Defendant accused Plaintiff's Amazon listing(s) of infringing the '567 Patent and triggered Amazon enforcement action against Plaintiff's listing, resulting in removal of Plaintiff's listing (ASIN B0CWGXNVM5)

based on a patent-infringement report identifying the asserted patent and complaint information. Plaintiff timely appealed and provided additional information, after which Amazon reinstated Plaintiff's account and listings. Despite reinstatement, Defendant's patent-enforcement posture and Amazon's enforcement mechanisms leave Plaintiff's listing(s) and sales under an ongoing threat of renewed removal or disruption, creating a continuing cloud over Plaintiff's ability to sell the Accused Product on Amazon. Plaintiff has suffered and continues to face concrete and imminent injury traceable to Defendant's enforcement conduct and redressable by declaratory relief, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

7.  This Court has specific personal jurisdiction over Defendant at least because Defendant purposefully directed patent-enforcement activities into this District by initiating and prosecuting an Amazon patent-enforcement proceeding against Plaintiff's accused Amazon listing(s), which foreseeably caused enforcement communications and actions by Amazon personnel located in Seattle, Washington, including removal of Plaintiff's listing and disruption of Plaintiff's sales. Such extra-judicial enforcement efforts aimed at causing marketplace takedowns within the forum constitute purposeful direction sufficient for specific jurisdiction. See, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008). Each claim arises directly out of Defendant's enforcement conduct directed at this forum, establishing minimum contacts consistent with Washington's long-arm statute, RCW 4.28.185, and due process.

8.  For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

### THE FACTUAL BACKGROUND

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

9. Plaintiff designs, sources, and sells Egg Washer on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

10. On December 20, 2024, Amazon issued Plaintiff a policy warning and notified Plaintiff that it had removed Plaintiff's listing for ASIN B0CWGXNVM5 based on a report alleging patent infringement, identifying the asserted IP as "US-12089567-B1." Amazon's notice further identified: Infringement type: Patent; Complaint ID: 16870346321; Rights owner name: GoodEgg; and Rights owner email: dcma@goodeggstuff.co. Amazon explained that it removed the listing because it "received a report from a rights owner alleging they may infringe on their patent," and advised that Plaintiff could contest the action through Amazon's appeal process. *See* **Exhibit B**.

11. Plaintiff disputes Defendant's allegations and denies that the Accused Product infringes any valid and enforceable claim of the '567 Patent. Plaintiff timely appealed and submitted additional information to Amazon. On February 7, 2025, Amazon confirmed that it had reviewed Plaintiff's submission and reinstated Plaintiff's account and listings. *See* **Exhibit C**.

12. Plaintiff denies that Accused Product infringes any valid and enforceable claim of the '567 Patent and disputes Defendant's accusations. Plaintiff further contends that one or more claims of the '567 Patent are invalid and/or unenforceable.

13. Defendant's infringement report and the resulting Amazon enforcement action, including the removal of Plaintiff's listing, have caused and continue to cause immediate and concrete harm to Plaintiff, including lost sales (and chilled prospective sales), damage to goodwill, disruption to inventory and advertising planning, diversion of resources to address the complaint and appeal, and ongoing business uncertainty given the continuing risk of renewed enforcement

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

14. Amazon is Plaintiff's primary sales channel in the United States for the Accused Product. To remain competitive, Plaintiff must maintain its product listings on Amazon. Defendant's enforcement conduct has already resulted in marketplace removal and continues to place Plaintiff's listings at risk of further disruption or renewed removal, threatening to cut off access to Plaintiff's most significant channel of trade and causing ongoing harm that is not readily quantifiable in damages.

### The '567 Patent

15. The '567 Patent was filed on March 25, 2024, and issued on September 17, 2024. A true and correct copy of the '567 Patent is attached hereto as **Exhibit A**.

16. The '567 Patent is entitled "APPARATUS AND METHOD FOR EGG WASHING BRUSH" and generally discloses an egg washing brush apparatus to clean an individual egg, the apparatus comprising a deformable half egg-shaped shell comprising a plurality of bristle bands, a plurality of protrusions extending inward from the bristle bands and configured to contact an egg. *See* **Exhibit A** at Abstract.

17. The '567 Patent includes two independent claims and seventeen dependent claims. Claims 1 is directed to an apparatus for egg washing brush, and Claims 10 is directed to a method for cleaning an individual egg.

18. Upon information and belief, Defendant Goodegg Stuff LLC is the owner of the '567 Patent, as reflected in the USPTO's assignment records.

### COUNT I
**(Declaratory Judgment of Non-Infringement of the '567 Patent)**

19. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Accused Product infringes the '567 Patent. The controversy is evidenced by Defendant's patent-enforcement activities through Amazon, including submitting a patent infringement report that resulted in the removal of Plaintiff's Amazon listing and continues to expose Plaintiff to the risk of renewed marketplace enforcement. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '567 Patent.

21. Plaintiff does not directly infringe, either literally or under the doctrine of equivalents, any claim of the '567 Patent, including at least independent claims 1 and 10, or any claims dependent therefrom. *See* **Exhibit D**.

22. Claim 1 of the '567 Patent requires, inter alia, an egg-washing brush apparatus comprising a half egg-shaped shell made of a flexible material and a plurality of bristle bands, at least two of which intersect each other, the bristle bands defining an egg-washing cavity, with bristle protrusions extending inward from the bristle bands.

23. The Accused Product does not meet these limitations. In particular, claim 1 requires "a half egg-shaped shell." The Accused Product instead has an overall external contour of a cartoon chicken head, with raised surface features such as eyes, a beak, and a comb, rather than a smooth, continuous egg-shell-shaped configuration. Accordingly, the Accused Product lacks the claimed half egg-shaped shell.

24. Claim 1 further requires "a plurality of bristle bands, at least two of which intersect each other." The Accused Product does not include bristle bands as claimed. Instead, it includes a different structural configuration that does not form strip- or rib-like bristle bands, let alone

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

intersecting bristle bands that define an egg-washing cavity. At least this additional limitation is therefore absent.

25. Because the Accused Product does not infringe independent claim 1, it likewise does not infringe any dependent claims that incorporate claim 1's limitations, including claims 2–9.

26. Claim 10 recites a method for cleaning an egg and expressly incorporates key structural limitations of the apparatus of claim 1, including the half egg-shaped shell and intersecting bristle bands. For the same reasons the Accused Product does not satisfy claim 1, it also does not practice claim 10.

27. Accordingly, the Accused Product does not infringe claim 10 or any claims dependent therefrom, including claims 11–19.

28. Plaintiff further disputes any allegation of infringement under the doctrine of equivalents because the Accused Product's overall configuration and bristle structure differ materially from the structures expressly required by the '567 Patent claims, including at least the "half egg-shaped shell" and intersecting "bristle bands" limitations.

29. Plaintiff denies any allegation of indirect infringement of the '567 Patent, including inducement under 35 U.S.C. § 271(b) or contributory infringement under 35 U.S.C. § 271(c)

30. Defendant's enforcement activities through Amazon have caused and continue to cause concrete and ongoing harm to Plaintiff, including marketplace disruption, lost sales opportunities, and continuing uncertainty given the risk of renewed enforcement.

31. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '567 Patent.

32. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe any asserted claims of the '567 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

33. Plaintiff is entitled to such other and further relief as the Court deems just and proper.

## COUNT II
### (Declaratory Judgment of Invalidity of the '567 Patent)

34. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

35. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '567 Patent. This controversy is evidenced by Defendant's patent-enforcement activities through Amazon, including submitting a patent infringement report that resulted in the removal of Plaintiff's Amazon listing and threatened continued marketplace enforcement based on the '567 Patent.

36. Defendant's enforcement actions have placed Plaintiff at ongoing risk of renewed takedowns and business disruption, creating a concrete and immediate dispute regarding whether the '567 Patent is valid and enforceable.

37. The claims of the '567 Patent are invalid for failure to satisfy the conditions of patentability and/or to comply with one or more provisions of the patent laws of the United States, including at least 35 U.S.C. §§ 102 and 103. *See* **Exhibit E.**

38. Plaintiff's invalidity allegations focus on independent claims 1 and 10 of the '567 Patent, consistent with Plaintiff's Invalidity Contentions, without prejudice to Plaintiff's right to supplement should Defendant assert additional claims.

39. As set forth in Exhibit F, claims 1 and 10 are invalid under 35 U.S.C. § 103 as obvious over CN111512996 ("Qu") in view of US20180317640A1 ("Schar") and US11696567B2 ("Yang").

40. Qu, published on August 11, 2020, teaches an egg-washing apparatus including a half egg-shaped shell defining an egg-washing cavity, with a plurality of bristle bands and inwardly extending bristles configured to contact and clean an inserted egg. *See* **Exhibit F**.

41. Schar, published on November 8, 2018, teaches a brush head having multiple bristle strips/bands in which at least two strips intersect (e.g., crossing at a right angle). *See* **Exhibit G**.

42. Yang, published on January 23, 2020, teaches a soft, flexible cup body defining a cleaning cavity with inwardly extending spikes and further teaches that the cup body and spikes can be integrally formed in a one-step molding process using the same flexible material. *See* **Exhibit H**.

43. A person of ordinary skill in the art would have been motivated to combine Qu's egg-cleaning cavity and inward bristles with Schar's intersecting bristle-strip/band arrangement and Yang's one-piece soft-molded construction, with a reasonable expectation of success, to arrive at an egg-washing device having (i) a half egg-shaped shell of flexible material, (ii) intersecting bristle bands defining an egg-washing cavity, and (iii) inwardly extending bristle protrusions as recited in claims 1 and 10 of the '567 Patent.

44. Dependent claims of the '567 Patent are likewise invalid to the extent they depend from an invalid independent claim and/or would have been obvious in view of the same prior art and the knowledge of a person of ordinary skill in the art, as set forth in Plaintiff's Invalidity Contentions.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

45. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '567 Patent.

46. Plaintiff seeks a declaratory judgment that one or more claims of the '567 Patent are invalid under the patent laws of the United States, including at least 35 U.S.C. §§ 102 and 103, pursuant to 28 U.S.C. § 2201 et seq.

47. Plaintiff is entitled to such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '567 Patent;

C. Declaring that the claims of the '567 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D. A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiff monetary relief, including damages, if any, as may be proven at trial and as permitted by applicable law;

F. Awarding pre- and post- judgment interest; and

G. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

| | |
|---|---|
| | Respectfully submitted, |
| Date: December 30, 2025 | By: /s/ *Ruoting Men* <br> Ruoting Men, Esq. (WSBA No. 63842) <br> GLACIER LAW LLP <br> 506 SECOND AVENUE, SUITE 1516 <br> SEATTLE, WA 98104 <br> Ruoting.men@glacier.law <br> Tel: +1 (212)729-5049 <br><br> ***Counsel for Plaintiff*** |

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049